UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RONALD BONNEY,

        Plaintiff,                    Case No. 1:16-cv-1119

v.                                       Honorable Robert J. Jonker

CARMEN PALMER et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because it is frivolous and fails to state a claim.

**Factual Allegations**

Plaintiff Ronald Bonney presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility, though the actions about which he complains ostensibly occurred at the Michigan Reformatory (RMI) and the Carson City Correctional Facility (DRF). He sues RMI Warden Carmen Palmer, Corizon Health, Inc., and the MDOC.

Plaintiff's allegations are somewhat difficult to read and more difficult to understand. His "Statement of Claim," in its entirety, reads as follows:

> I ve complained of chromatography like harassment that manipulated central nerves governing face tissues and obtuse signals that s beyond natural clasp  Temper and weight lose that causes the brains confirmation in dangerous magnetic resonance imaging and cycled
> In metaphysics independents carry know occupational apply when combinations of brain flux and mis representation of assevrate develop a parallel
> I ve complained of being in a state of having to liberate myself from peremptory situations application that conflict with my sleep and familiar institutes of learning  The annoyance causes unbalance of the brains labor and creates parades of fright and similitudes of edited
> I ve complained of pains shooting down the right side of my body tingling in my left arm and foot  The blood work was returned negative but the same symtoms pr ceed the original complaint headaches were complained about on several occasi ns and treated with acidrin caff  The headaches continued so I was taken off the medication and told to order tylenol off prison store
> I kited the pris n physiologist and complained of the same symtoms and was placed on Haldol then prozac
> Doctor stating I may just be overwhelm or get excited when I m stressful or going threw emotional pr blems
> On 8/23/15 I complained of dizziness, lost of balance ligyhtheaded, Tingling in my face etc.
> On 12/27/15 I complained of dizziness, nausea, light headed, Vision problems.
> On 8/26/15 I requested to be tested for pba.
> On 7/715 I complained of pains shooting down my left shoulder, light headed, dizziness  Tingling in my face and lost of balance.
> On 5/17/15 I requested a diagnosis Identification from a physical and blood work, same symtoms of dizziness.  light headed. I requested to see a doctor.
> On 12/13/15 I complain of symtoms of dizziness light headed, vomitting after a medication had been taken over a period of time. And nausea.

(Compl., ECF No. 1, PageID.5 (verbatim).)

For relief, Plaintiff seeks to be evaluated and treated by "a medical practitioner with expertise in the treatment and restoration and functions," (*Id.*, PageID.7), expungement of his conviction and institutional record, and compensatory and punitive damages.

## Discussion

### I.    Frivolousness

A complaint may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios.  *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.  The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327.  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts.  *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99.  An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely.  *Id.*

Plaintiff's allegations about his alleged exposure to "chromatography like harassment" causing "manipulat[ion] of [his] central nerves" and "brain flux" lack a rational basis in fact. Although a single allegation of Plaintiff's complaint may not "strain credulity" sufficiently to be considered frivolous, *see Lawler*, 898 F.2d at 1198, the complaint as a whole plainly is irrational. Accordingly, the Court will dismiss Plaintiff's action because it is frivolous. *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

    II.    <u>Failure to state a claim</u>

Even if some of Plaintiff's allegations about his requests for medical treatment may not be entirely frivolous, those allegations fail to state a claim against any named Defendant. A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782

(1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

Moreover, Plaintiff utterly fails to name Defendants Palmer and Corizon Health in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th

Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Because Plaintiff fails to even to mention Defendants Palmer and Corizon Health in his complaint, his allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Further, to the extent that Plaintiff implies that Defendants Palmer and Corizon Health are responsible for the actions of their subordinates, he fails to state a claim. Neither a private corporation nor a government official may be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996) (holding that a corporation providing medical care to prisoners may not be held vicariously liable). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). In the case of a private corporation providing medical care, the plaintiff must establish that a corporate policy or custom caused the constitutional violation. *See Street*, 102 F.3d at 817-18 (applying municipal liability standard to private prison medical provider); *see also Starcher v. Corr. Med. Sys., Inc.*, 7

F. App'x 459, 466 (6th Cr. 2001); *Jones v. Corr. Med. Servs., Inc.*, 845 F. Supp. 2d 824, 834 (W.D. Mich. 2012); *Cox v. Jackson*, 579 F. Supp. 2d 831, 852 (E.D. Mich. 2008).  In the case of supervisory governmental officials, the acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendant Palmer engaged in any active unconstitutional behavior or that Defendant Corizon Health had a policy or custom that caused a constitutional violation.  Accordingly, he fails to state a claim against them.

Finally, to the extent that Plaintiff seeks release from his imprisonment and expungement of his conviction, he is not entitled to relief in a § 1983 action.  Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  As a result, even had Plaintiff stated a claim for relief, he would not be entitled to the form of relief he seeks.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) because it both is frivolous and fails to state a claim .

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:   November 18, 2016                    /s/ Robert J. Jonker
                                             ROBERT J. JONKER
                                             CHIEF UNITED STATES DISTRICT JUDGE